1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ODILIA GOMEZ,

                            Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

                            Defendant.

Case No. 2:14-cv-884-APG-VCF

**ORDER REMANDING CASE TO STATE COURT**

(Dkt. #7)

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this case to federal court on June 6, 2014.  On June 12, 2014, plaintiff Odilia Gomez filed a motion to remand the case back to state court. (Dkt. #7.)  For the reasons set forth below, I grant that motion.

The removing party has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute.  If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal

1  is proper." *Id.* "Normally, this burden is satisfied if the plaintiff claims a sum greater than the

2  jurisdictional requirement," but where "it is unclear what amount of damages the plaintiff has

3  sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant

4  bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional

5  amount." *Id.*

6          In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because

7  the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions

8  to remand the case to the state court. 980 F.2d at 565, 567.  The plaintiff had filed suit in Nevada

9  state court, seeking damages "in excess of $10,000."  Upon removal, the removing defendant

10  alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id.* at 565.  The

11  Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the

12  court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite

13  some 'magical incantation,' neither overcomes the 'strong presumption' against removal

14  jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal

15  petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds

16  $50,000." *Id.* at 567.

17          Here, plaintiff specifically stated in her complaint that "[t]he matter in controversy [is] not

18  to exceed a value of $74,500." (Dkt. #1 at p. 14 (p. 7 of complaint).)  Plaintiff is the master of her

19  complaint, and specifically drafted it to keep the case out of federal court.  Plaintiff confirmed the

20  amount in controversy in her motion (Dkt. # 7 at pp. 4-5) and in her reply (Dkt. #10 at pp. 2-4).

21  State Farm has offered no medical records or other evidence to rebut those admissions by

22  plaintiff, or to show that the amount in controversy in this case exceeds $75,000.  Accordingly, I

23  cannot exercise jurisdiction over this action.

24          IT IS THEREFORE ORDERED that this case is remanded to the state court from where it

25  was removed.

26  / / / /

27  / / / /

28

2

1      IT IS FURTHER ORDERED that plaintiff's request for an award of her fees and costs is

2  denied.

3      Dated: June 27, 2014.

4                                              _____
                                               ANDREW P. GORDON
5                                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3